NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0167n.06

No. 09-5315

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )
                                         )
v.                                       )   ON APPEAL FROM THE UNITED
                                         )   STATES DISTRICT COURT FOR
SHAWN TAYLOR,                            )   THE WESTERN DISTRICT OF
a/k/a Sherman Taylor,                    )   TENNESSEE
                                         )
    Defendant-Appellant.                 )
                                         )

> **FILED**
> **Feb 13, 2012**
> LEONARD GREEN, Clerk

Before: ROGERS and KETHLEDGE, Circuit Judges; RUSSELL, District Judge.[*]

KETHLEDGE, Circuit Judge. Shawn Taylor destroyed his ankle bracelet in an effort to abscond while on pretrial release for drug and gun charges. He was apprehended three months later. At his sentencing hearing, the district court required as a condition of Taylor's supervised release that he repay the government the $575 cost of the ankle bracelet he destroyed. Although Taylor objects to that condition now, he did not object to it then, so we review it only for plain error. Compounding our deference is that we review conditions of supervised release for an abuse of discretion. *United States v. May*, 568 F.3d 597, 607 (6th Cir. 2009).

Taylor makes a coherent argument as to why this condition was contrary to 18 U.S.C. § 3583(d). He observes, correctly, that under this section every condition of release must meet three

---

[*]The Honorable Thomas B. Russell, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

requirements, *see* § 3583(d)(1)–(3); and he says that these requirements were not met here. But we fall off the wagon at several points. First, the repayment condition serves as a modest deterrent against destruction of ankle bracelets. Taylor argues that a requirement to pay $575 is not enough to deter anyone; but presumably Taylor would not want the district court to impose an even larger repayment obligation to deter this sort of criminal conduct. We think the $575 repayment obligation is deterrent enough to make it reasonably related to 18 U.S.C. § 3553(a)(2)(B); and that means the repayment condition satisfies § 3583(d)(1).

The condition also satisfies § 3583(d)(2), which says that a condition of supervised release must "involve[] no greater deprivation of liberty than is reasonably necessary" to further certain purposes recited under § 3553(a)(2). As inmates themselves perhaps know best, there is a difference between deprivations of liberty and of property; and the condition here deprived Taylor only of property.

Finally, the repayment condition satisfies § 3583(d)(3), which says that conditions of supervised release must be "consistent with any pertinent policy statements issued by the Sentencing Commission[.]" Taylor reads this provision essentially to require that the repayment condition find affirmative support in such a statement; but we read it to require only that the condition not *conflict* with the Commission's pertinent policy statements, to the extent there are any. *See United States v. Kingsley*, 241 F.3d 828, 837–38 & n.14 (6th Cir. 2001). There are no statements pertinent to the specific condition here, which means there is no conflict either.

The district court did not err in imposing the repayment condition. Its judgment is affirmed.